OPINION
Appellant has presented three assignments of error on appeal, all of which address a single theme: the trial court should have considered his motion on the merits and established a visitation schedule, rather than dismiss the motion for his failure to appear in support of his motion. Because the assignments of error are interrelated, we have considered them together.
Loc.R. 10.08 of the Court of Common Pleas of Lucas County, Domestic Relations Division, provides:
 "The unexcused failure of an attorney and/or party to appear for a hearing at the schedule [sic] time, may result, within the discretion of the Court, in subjecting the offending person to any or all of the sanctions provided by Civil Rule 37, including dismissal or the assessment of fines."
The trial court in this case followed the provisions of the above quoted local rule and exercised its discretion when it dismissed the motion filed by appellant. We cannot find that the decision of the trial court was an abuse of discretion.[1] The record shows that the trial court granted appellant a continuance and reset the hearing date to a time when he represented he would be able to attend the hearing. Appellant did not appear at the hearing, and the trial court could well determine that the matter raised by appellant's motion was of such import a decision on the merits of the motion should not be made without some evidence presented at the hearing. Appellant had an obligation under the local rules to appear at the hearing in support of his own motion, or to get the trial court to excuse his absence from the hearing before it was held. Appellant failed to meet his obligations and the trial court did not abuse its discretion when it dismissed his motion. Accordingly, appellant's three assignments of error are not well-taken.
The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J.
 George M. Glasser, J.
 Richard W. Knepper, J.
CONCUR.
[1] The Supreme Court of Ohio has defined abuse of discretion as follows:
 "`The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *'" Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219 quoting State v. Adams (1980), 62 Ohio St.2d 151, 157 (citations omitted).